M 671—Mortgage, long form, plain English format, 11-98

© 1978 BY BlumbergExcelsior Inc. NYC 10013

CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.

# Mortgage

Date August 10, 2006

**Parties**

Mortgagor 895 WEST BEECH REALTY, LLC c/o Marvin Neuman residing at 183 Lefferts Road, Woodmere, New York 11598

Mortgagee JOHN RICHARD MACMURRAY residing at 5 August Walk, Long Beach, New York 11561.

The Mortgagor promises and agrees as follows:

**Transfer of rights in the Property**

1. The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. Mortgagor can lose the Property for failure to keep the promises in this Mortgage.

**Underlying debt, future advances**

2. This Mortgage is made to secure a Debt of the Mortgagor to the Mortgagee for six hundred twenty thousand ($620,000.00) dollars ($ ); payable with interest according to a Bond or Note having the same date as this Mortgage. The Mortgagee may make advances in the future to the Mortgagor or future owners of the Property. In addition to the above Debt the Bond or Note and this Mortgage is intended to secure any more debts now or in the future owed by the Mortgagor to the Mortgagee. The maximum amount of debt secured by the Bond or Note and this Mortgage shall not be greater than the Debt stated above. Mortgagee is not obligated to make future advances.

**Property mortgaged**

3. The Property mortgaged (the "Property") is

(a) All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Long Beach, in the City of Long Beach, County of Nassau, State of New York, known and designated as and by lots numbers twenty four, twenty five and twenty six in Block number 26 on a certain map entitled, "Map of West End, Long Beach, Long Island, West End Seashore Bungalows, Inc. 405 Lexington Avenue, New York City, G.S. Vanderwerken, C.E." and filed in the Office of the Clerk of the County of Nassau, January 16th, 1917 as map number 35, which said lots when taken together as one parcel are bounded and described as follows, to wit:

BEGINNING at the corner formed by the intersection of the northerly side of Beech Street with the easterly side of Wyoming Avenue;

RUNNING THENCE northerly along sa[illegible]terly side of Wyoming Avenue ninety feet;
THENCE easterly at right angles t[illegible]ing Avenue, sixty feet;
THENCE southerly at right angles [illegible]h Street ninety feet to the northerly

P 675—Mortgage note, plain English format, 11-73

© 1973 BY JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.

# Mortgage Note

$ 620,000.00

August 10, 2006

**Promise to pay** — I promise to pay to JOHN RICHARD MACMURRAY residing at 5 August Walk, Long Beach, New York 11561 (the "Lender")

**principal amount** — or order the sum of Six Hundred Twenty Thousand Dollars ($620,000.00 )

**interest** — with initial interest at the rate of 6.5 % per year from the above date until ~~the debt is paid in full~~ August 9, 2007, when the interest rate shall increase to 7%.

**payments** — I will pay the debt as follows:

During the first twelve (12) months of the loan the Mortgagor/Debtor shall pay interest at the rate of 6-1/2% on the 10th day of each and every month thereafter until July 2007.

Commencing August 10, 2007 the principal of $620,000.00 shall be paid with interest thereon to be computed from August 10, 2007 at the rate of seven (7%) percent per annum as follows: Four Thousand Three Hundred Eighty Two/06 ($4,382.06) Dollars on the 10th day of September 2007, and a like amount on the 10th day of each and every month thereafter until August 9, 2021, when the unpaid principal will be due and payable; out of each of the aforesaid monthly payments interest will be deducted at the rate of seven (7%) percent per annum on the unpaid principal balance and the balance of such payment shall be applied in reduction of the principal amount.

**payment address** — Payment is to be made at 5 August Walk, PO Box 538, Long Beach NY 11561 or at whatever other address I am directed to pay.

**application of payments** — The Lender will apply each payment first to interest charges and then to repayment of the debt.

**This is a mortgage note** — This Note is secured by a Mortgage dated the same day as this note.

**Default, when full amount due immediately** — Lender may declare the full amount of this Note due immediately for any default. The following are defaults:

(a) failure to pay, when due, any amount payable on any of my obligations under this Note;

(b) Failure to do anything I am obligated to do under the Mortgage.

Anything that would be a default under the Mortgage will also be a default under this Note. This means that upon the Lender's demand, I will have to pay the full amount of this debt plus any other charges which the Lender is entitled to under the Mortgage.

**Prepayment** — I can repay the entire debt in advance whenever I want, or I can repay part of the debt in multiples of $100 in advance whenever a regular monthly payment is due. There will be no extra charge for this. If I pay ahead of time, I will have to pay interest on the payment prepaid only to the date of prepayment.

**Notice not required** — ~~If the Note is not paid when due, the Lender does not have to notify me before the Lender can enforce rights to collect all amounts due. The Lender does not have to present this Note, demand payment or protest.~~

| | |
|---|---|
| **No waiver** | Delay or failure of the Lender to take any action will not prevent Lender from doing so later. |
| **Applicable law** | The laws of the State of New York shall apply to this Note. |
| **No oral changes** | This Note cannot be changed except in writing signed by the Lender. |
| **Who is bound** | "I", "me" and "my" refer to each signer of this Note. Each of us is liable to pay any amount due or which may become due separately and individually. |

895 WEST BEECH REALTY LLC

Signature, print or type name beneath
by: MARVIN NEUMAN , Member/Manager

183 Lefferts Road
Address
Woodmere, New York 11598

Signature, print or type name beneath

Address

STATE OF NEW YORK, COUNTY OF ss.:

On 19 , before me personally came to me known, who, being by me duly sworn, did depose and say that deponent resides at No. deponent is of the corporation described in and which executed, the foregoing instrument; deponent knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; deponent signed deponent's name thereto by like order.

STATE OF NEW YORK, COUNTY OF ss.:

On 19 , before me personally came

to me known to be the individual described in, and who executed the foregoing instrument, and acknowledged that he executed the same.

STATE OF NEW YORK, COUNTY OF NASSAU

On the 10 day of August 2006, before me, the undersigned, personally appeared MARVIN NEUMAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

KEVIN M. COLLINS
Notary Public, State of New York
No. 01CO6102638
Qualified in Nassau County
Commission Expires December 08, 2007

Mortgage Note

TO

Dated, 19

M 671—Mortgage, long form, plain English format, 11-98 © 1978 BY Blumberg Excelsior Inc. NYC 10013

SEC 34
BLK 236
LOT 24-26
AMB-06-70365

CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.

# Mortgage

Date August 10, 2006

**Parties**

Mortgagor 895 WEST BEECH REALTY, LLC
c/o Marvin Neuman residing at
183 Lefferts Road, Woodmere, New York 11598

Mortgagee JOHN RICHARD MACMURRAY residing at
5 August Walk, Long Beach, New York 11561

The Mortgagor promises and agrees as follows:

**Transfer of rights in the Property**

1. The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. Mortgagor can lose the Property for failure to keep the promises in this Mortgage.

**Underlying debt, future advances**

2. This Mortgage is made to secure a Debt of the Mortgagor to the Mortgagee for six hundred twenty thousand ($620,000.00) dollars ($ ); payable with interest according to a Bond or Note having the same date as this Mortgage. The Mortgagee may make advances in the future to the Mortgagor or future owners of the Property. In addition to the above Debt the Bond or Note and this Mortgage is intended to secure any more debts now or in the future owed by the Mortgagor to the Mortgagee. The maximum amount of debt secured by the Bond or Note and this Mortgage shall not be greater than the Debt stated above. Mortgagee is not obligated to make future advances.

**Property mortgaged**

3. The Property mortgaged (the "Property") is
(a) All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Long Beach, in the City of Long Beach, County of Nassau, State of New York, known and designated as and by lots numbers twenty four, twenty five and twenty six in Block number 26 on a certain map entitled, "Map of West End, Long Beach, Long Island, West End Seashore Bungalows, Inc. 405 Lexington Avenue, New York City, G.S. Vanderwerken, C.E." and filed in the Office of the Clerk of the County of Nassau, January 16th, 1917 as map number 35, which said lots when taken together as one parcel are bounded and described as follows, to wit:

BEGINNING at the corner formed by the intersection of the northerly side of Beech Street with the easterly side of Wyoming Avenue;

RUNNING THENCE northerly along said easterly side of Wyoming Avenue ninety feet;
THENCE easterly at right angles to Wyoming Avenue, sixty feet;
THENCE southerly at right angles to Beech Street ninety feet to the northerly side of Beech Street;
THENCE westerly along the northerly side of Beech Street sixty feet to the corner the point or place of BEGINNING.

Said premises known as 891-895 West Beech Street, Long Beach, New York.
Also known as Section 59 Block 236 Lots 24-26.

* Commercial Property only *

ilding and improvements | (b) Together with the buildings and improvements on the Property.

streets | (c) Together with all the Mortgagor's right, title and interest in the streets next to the property to their center lines.

fixtures | (d) Together with all fixtures and personal property which now is or which later may be attached to or used or useful in connection with the Property. This does not include household furniture.

awards | (e) Together with all condemnation awards for any taking by a government or agency of the whole or part of the real Property or any easement in connection with the Property. This includes awards for changes of grade of streets.

ent and charge | 4. Mortgagor will pay the Debt as promised in the Bond or Note according to its terms. If any payment is overdue more than 15 days an additional charge will be due to Mortgagee to cover the cost of delay. This late charge shall be

~~three~~ Two (2%) percent.

urance | 5. Mortgagor will keep the buildings on the Property insured against loss by fire and other risks included in the standard form of extended coverage insurance. The amount shall be approved by Mortgagee but shall not exceed full replacement value of the buildings. Mortgagor will assign and deliver the policies to Mortgagee. The policies shall contain the standard New York Mortgage clause in the name of Mortgagee. If Mortgagor fails to keep the buildings insured Mortgagee may obtain the insurance. Within 30 days after notice and demand Mortgagor must insure the Property against war risk and any other risk reasonably required by Mortgagee.

nance | 6. Mortgagor will keep the Property in reasonably good repair.

sale or ration | 7. The Mortgagor may not, without the consent of Mortgagee, which consent shall not be unreasonably withheld (a) alter, demolish or remove the buildings and improvements on the Property, or (b) sell the Property or any part of it.

**Taxes, etc.** 8. Mortgagor will pay all taxes, assessments, sewer rents or water rates within 30 days after they are due. Mortgagor must show receipts for these payments within 10 days of Mortgagee's demand for them.

**Expenses of mortgagee** 9. Mortgagor must pay all expenses of Mortgagee, including reasonable attorney's fees, if (a) Mortgagee is made a party in a suit relating to the Property, or (b) Mortgagee sues anyone to protect or enforce Mortgagee's rights under this Mortgage.

**Mortgagee's right to cure** 10. Mortgagor authorizes Mortgagee to make payments necessary to correct a default of Mortgagor under Paragraphs 5, 8 and 9 of this Mortgage. Payments made by Mortgagee together with interest at the rate provided in the Bond or Note from the date paid until the date of repayment shall be added to the Debt and secured by this Mortgage. Mortgagor shall make repayment with interest within 10 days after demand.

**Statement of the amount due (estoppel)** 11. Within five days after request in person or within ten days after request by mail, Mortgagor shall give to Mortgagee a signed statement of the amount due on this Mortgage and whether there are any offsets or defenses against the Debt.

**Title** 12. Mortgagor warrants the title to the Property. Mortgagor is responsible for any costs or losses of the Mortgagee if an interest in the Property is claimed by others.

**Cure violations** 13. Mortgagor shall comply with any law or governmental order or cure any legal violation concerning the Property. Mortgagor shall comply within 90 days after the order or violation is issued or the law takes effect.

**Lien law section 13** 14. Mortgagor will receive the advances secured by this Mortgage and will hold the right to receive the advances as a trust fund. The advances will be applied first for the purpose of paying the cost of improvement. Mortgagor will apply the advances first to the payment of the cost of improvement before using any part of the total of the advances for any other purpose.

**Inspections** 15. Mortgagee and any person authorized by the Mortgagee may enter and inspect the property at reasonable times.

**Financing statements** 16. Mortgagor authorizes Mortgagee to file without Mortgagor's signature one or more financing statements as permitted by law to perfect the security interest of this Mortgage.

**Default, when full amount of debt due immediately** 17. Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default.

The following are defaults:

(a) Mortgagor fails to make any payment required by the Bond or Note or Mortgage within 15 days of the date it is due;

(b) Mortgagor fails to keep any other promise or agreement in this Mortgage within the time stated, or if no time is stated, within a reasonable time after notice is given that Mortgagor is in Default;

(c) On application of Mortgagee, two or more insurance companies licensed to do business in New York State refuse to issue policies insuring the buildings and improvements on the Property.

**Sale** 18. If Mortgagor defaults under this Mortgage and the Property is to be sold at a foreclosure sale, the Property may be sold in one parcel.

**Receiver** 19. If Mortgagee sues to foreclose the Mortgage, Mortgagee shall have the right to have a receiver appointed to take control of the Property.

**Payment of rent and eviction after default** 20. If there is a Default under this Mortgage, Mortgagor must pay monthly in advance to Mortgagee, or to a receiver who may be appointed to take control of the Property, the fair rental for the use and occupancy of the part of the Property that is in the possession of the Mortgagor. If Mortgagor does not pay the rent when due, Mortgagor will vacate and surrender the Property to Mortgagee or to the receiver. Mortgagee may evict the Mortgagor by summary proceedings or other court proceedings.

**Applicable law** 21. Mortgagee shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to Mortgagee's rights set forth in this Mortgage, even if the rights are different from each other.

**No waiver** 22. Delay or failure of Mortgagee to take any action will not prevent Mortgagee from taking action later. Mortgagee may enforce those rights Mortgagee chooses without giving up any other rights.

**Notices** 23. Notices, demands or requests may be in writing and may be delivered in person or sent by mail.

**No oral changes** 24. This Mortgage may not be changed or ended orally.

**Who is bound** 25. If there are more than one Mortgagor each shall be separately liable. The words "Mortgagor" and "Mortgagee" shall include their heirs, executors, administrators, successors and assigns. If there are more than one Mortgagor or Mortgagee the words "Mortgagor" and "Mortgagee" used in this Mortgage includes them.

26. This Mortgage is a Purchase Money Mortgage.

27. Mortgagor shall pay reasonable attorneys fee to Mortgagee, which Mortgagee may incur in connection with the enforcement and/or collection of the mortgage debt and/or any sums due or to become due by reason thereof.

28. Notice of default under the Note and Mortgage shall be given to Mortgagor at: 183 Lefferts Road, Woodmere NY 11598 and to his attorneys Schiff & Skurnik PLLC at 112 Spruce Street, Cedarhurst NY 11516 by certified mail.

29. Mortgagor shall have the right to cure any monetary default under the Note and Mortgage within 15 days from the notice date.

30. Mortgagor shall have the right to cure non-monetary defaults within 60 days of notice.

**Signatures** The Mortgagor states that the Mortgagor has read this Mortgage, received a completely filled in copy of it and has signed this Mortgage as of the date at the top of the first page.

MORTGAGOR
895 WEST BEECH REALTY LLC

by: Marvin Neuman, Member/Manager

WITNESS

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

State of New York, County of Nassau, ss.:
On August 10, 2006 before me, the undersigned, personally appeared MARVIN NEUMAN

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*(signature and office of individual taking acknowledgment)*

KEVIN M. COLLINS
Notary Public, State of New York
No. 01CO6162638
Qualified in Nassau County
Commission Expires December 08, 2007

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of
County of
On before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

*(signature and office of individual taking acknowledgment)*

**ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)**

State of
County of } ss.:

On before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in *(if the place of residence is in a city, include the street and street number, if any, thereof)*;

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.
( ☐ *If taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken* And that said subscribing witness(es) made such appearance before the undersigned in )

*(signature and office of individual taking acknowledgment)*

# Mortgage

TO

Dated,

STATE OF NEW YORK
County of NASSAU
RECORDED ON THE
........day of........
at........o'clock........M.
in Liber........of Mortgages
at Page........and examined

CLERK

PLEASE RECORD AND RETURN TO:
R.A. Smith
P.O. Box 58
Long Beach NY 11561

Robert M. Fox, Esq.
630 Third Avenue
New York, NY 10017
Tel. (212) 867-9595 Fax (212) 949-1857
Robert@rfoxlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In Re: Case No.: 09-78963

895 WEST BEECH REALTY LLC,

Debtor(s).

**STIPULATION REGARDING TURNOVER**

-----------------------------------------------------------x

WHEREAS the above Debtor filed a Petition under Chapter 11 of the Bankruptcy Code on November 20, 2009 and is acting as a Debtor-in-possession, pursuant to Section 1107 of the Bankruptcy Code and owns and operates income producing real property located at 891-895 West Beech Street, Long Beach, NY 11561 (the "property")

WHEREAS prior to the Chapter 11 filing, Mark McKew was appointed temporary Receiver with respect to the property, pursuant to the Order of Thomas A. Adams, Justice of the New York State Supreme Court, which was entered in the office of the county clerk on October 21, 2009, and

WHEREAS the temporary Receiver and the Debtor have agreed to the following, pursuant to Section 543 of the Bankruptcy Code:

1. The Receiver shall turnover to the Debtor all of the rents that have been collected by the Receiver, less, an amount equal to 5% such amounts collected, plus all out of pocket disbursements made by the Receiver, which balance the Receiver shall continue to hold, pursuant to this Order

   in his possession

2. The Receiver shall also turnover all of the files on the Property, including the leases all master and other keys relating to the building doors and entrances, rent receipt records and any balances owed by tenants, records regarding the status of the litigations with the non-paying tenants and contact information with the attorneys, unpaid bills, correspondence with the vendors and suppliers of the Property, as well as any contractors, any notes regarding complaints by tenants or work to be performed in apartments, and any other documents relating to the Receiver's administration.

3. The Receiver shall file an accounting in the form of a letter report to the attorneys for the Debtor, detailing all receipts and disbursements made by the Receiver, attaching copies of checks and bank statements relating to the receipts and disbursements, pursuant to Section 543(b)(2) of the Bankruptcy Code.

4. Upon the completion of such accounting, the Receiver shall be entitled to retain as the Receiver's fees an amount equal to $346.85, representing 5% of the amounts collected and disbursed by the Receiver plus $336.14, representing the expenses incurred and paid by the Receiver, which shall constitute a full satisfaction and discharge of the Receiver's obligations to this Court and to the New York State Supreme Court.

Dated: New York, NY
December 14, 2009

s/Robert M. Fox
Robert M. Fox, Esq.
Attorney for Debtor(s)
630 Third Avenue, 18th Floor
New York, NY 10017
(212) 867-9595

Mark McKew, Esq. Receiver
The Law Offices of Mark Mckew, PLLC
1725 York Avenue, Suite 29A
New York, NY 10128

SO ORDERED

_________________ December___2009
U.S.B. J.

THE LAW OFFICES OF MARK MCKEW, PLLC
1725 YORK AVENUE, SUITE 29A
NEW YORK, NY 10128
Tel: (212) 876-6783
Fax: (646) 478-9090

December 14, 2009

VIA FACSIMILE

Robert M. Fox, Esq.
The Law Offices of Robert M. Fox
630 Third Ave., 18th Floor
New York, NY 10017

Re: In Re 895 West Beech Realty LLC
U.S. Bankruptcy Court, E.D.N.Y.
Case No.: 09-78963

Dear Mr. Fox:

Enclosed is an executed copy of the Stipulation Regarding Turnover (the "Stipulation"). Please note the one minor change made to Paragraph 2. As per our discussion, the two checks for December rent totaling $5,637.00 will be deposited into the receivership account today and when the funds are credited to the account, I will deliver to you a letter of accounting and a check for balance due in accordance with the Stipulation.

My response to Paragraph 2 of the Stipulation will be limited by the short duration of my receivership: October 29, 2009 through November 20, 2009. For my initial response, I am enclosing the Notice to Attorn served on the tenants and my demand letters served on Marvin Neuman and 895 West Beech Realty LLC. In full satisfaction of Paragraph 2, I will provide you with my records concerning receipts and disbursements together with my letter of accounting. I have no keys to the property.

I will limit my receiver's fee to amounts collected and received prior to November 20, 2009, the date of debtor's bankruptcy filing. As of that date, the total amount collected and paid was $6,937.00.

Very truly yours,

Mark L. McKew

MLM/cm
encls

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOHN RICHARD MACMURRAY AND RITA MACMURRAY, Plaintiffs, - against - MARVIN NEUMAN, 895 WEST BEECH REALTY LLC, REILLY & GOODMAN, INC., ROBERT AMINOV, MICHAEL MURATORE doing business as ROSE AND EYE, BELLITERI HOME INC., "JOHN" DOE and "JANE" DOE, said names being fictitious, parties intended being possible tenants and/or occupants of the premises, Defendants. | Index No.: 019391/07 **NOTICE TO ATTORN TO RECEIVER** |

TO Steve Kutner and Debbie Kutner doing business as Auction America Realty, Rose & Eye Inc., Mishoir "Michael" Murdakhayev doing business as Top Hat Barber Shop, and MacMurray Agency, tenants of the below described Premises,

PLEASE TAKE NOTICE that by an Order of Honorable Thomas A. Adams, Justice of the Supreme Court, duly made and entered in the Office of the County Clerk on October 21, 2009, a copy of which is attached hereto, Mark McKew has been duly appointed Temporary Receiver of the rents, issues and profits now due and unpaid, or to become due pending this action, and issuing out of the premises described in the complaint and notice of pendency of action herein, and known as 891-893-895 West Beech Street, Long Beach, New York and which premises are known on the Land and Tax Map of Nassau County as Section 59, Block 236 and Lots 24, 25 and 26 and has duly qualified as such Temporary Receiver.

AND YOU WILL FURTHER TAKE NOTICE that the undersigned as such Temporary Receiver, hereby demands that you and each of you and all persons in possession of the said premises, attorn to the undersigned as such Temporary Receiver, pursuant to the direction of said order. and pay over to said Temporary Receiver all rents of the premises for the respective portions thereof for which you or any such persons are now liable and which are now due and unpaid, or may hereafter become due and demand is herewith made for the foregoing payments.

PLEASE TAKE FURTHER NOTICE that all rents due to and to become due therefrom are required to be paid to said Temporary Receiver until further notice from the undersigned.

Dated: October 28, 2009
New York, New York

Mark L. McKew
The Law Offices of Mark Mckew, PLLC
1725 York Ave., Suite 29A
New York, NY 10128
(212) 876-6783

TO: Auction America Realty
895 West Beech Street
Long Beach, NY 11561

Rose & Eye Inc.
893 West Beech Street
Long Beach, NY 11561

Top Hat Barber Shop
891 West Beech Street
Long Beach, NY 11561

MacMurray Agency
891 West Beech Street
Long Beach, NY 11561

THE LAW OFFICES OF MARK MCKEW, PLLC
1725 YORK AVENUE, SUITE 29A
NEW YORK, NY 10128
Tel: (212) 876-6783
Fax: (646) 478-9090

November 9, 2009

895 West Beech Realty LLC
891-895 West Beech Street
Long Beach, NY 11561

Re: MacMurray v. Neuman et al.
Supreme Court, Nassau County
Index No. 19391/07

To Whom It May Concern:

I am the court appointed receiver in the above referenced foreclosure action concerning the premises known as 891-893-895 West Beech Street, Long Beach, New York and identified on the Land and Tax Map of Nassau County as Section 59, Block 236, Lots 24, 25, and 26 (the "Premises"). I was qualified as receiver on October 29, 2009. A copy of the Order Appointing a Receiver, entered in the County Clerk's Office on October 21, 2009 and previously served on you with Notice of Entry, is enclosed (the "Order").

Pursuant to the Order, General Obligations Law § 7-105 and other applicable law, you must deliver to me within 5 days of service of this letter and Order the following:

(a) Money or any other thing of value received from a tenant or licensee (or from a former owner or lessee) of the Premises as a deposit or advance of rental as security for the full performance by such tenant or licensee of the terms of his lease or license agreement (the "Security Deposit");
(b) Rent lists or rolls for the Premises;
(c) All arrears relating to space in the Premises;
(d) All expired and unexpired leases concerning the Premises;
(e) All insurance policies affording coverage to the Premises;
(f) Utility bills concerning the Premises;
(g) Tax bills and assessments concerning the Premises;
(h) Notices concerning the Premises; and,
(i) All agreements relating to the maintenance or management of the Premises.

You must notify the tenants or licensees by registered or certified mail that you have delivered the Security Deposit to me.

Please take note that upon your failure to timely comply with this demand, we will immediately apply to the Court for an Order of Contempt

Very truly yours,

Mark L. McKew

MLM/em
encl.
cc: Robert A. Smith, Esq. (by mail)

THE LAW OFFICES OF MARK MCKEW, PLLC
1725 YORK AVENUE, SUITE 29A
NEW YORK, NY 10128
Tel: (212) 876-6783
Fax: (646) 478-9090

November 9, 2009

Mr. Marvin Neuman
183 Lefferts Boulevard
Woodmere, NY 11598

Re: MacMurray v. Neuman et al.
Supreme Court, Nassau County
Index No. 19391/07

Dear Mr. Neuman:

I am the court appointed receiver in the above referenced foreclosure action concerning the premises known as 891-893-895 West Beech Street, Long Beach, New York and identified on the Land and Tax Map of Nassau County as Section 59, Block 236, Lots 24, 25, and 26 (the "Premises"). I was qualified as receiver on October 29, 2009. A copy of the Order Appointing a Receiver, entered in the County Clerk's Office on October 21, 2009 and previously served on you with Notice of Entry, is enclosed (the "Order").

Pursuant to the Order, General Obligations Law § 7-105 and other applicable law, you must deliver to me within 5 days of service of this letter and Order the following:

(a) Money or any other thing of value received from a tenant or licensee (or from a former owner or lessee) of the Premises as a deposit or advance of rental as security for the full performance by such tenant or licensee of the terms of his lease or license agreement (the "Security Deposit");
(b) Rent lists or rolls for the Premises;
(c) All arrears relating to space in the Premises;
(d) All expired and unexpired leases concerning the Premises;
(e) All insurance policies affording coverage to the Premises;
(f) Utility bills concerning the Premises;
(g) Tax bills and assessments concerning the Premises;
(h) Notices concerning the Premises; and,
(i) All agreements relating to the maintenance or management of the Premises.

You must notify the tenants or licensees by registered or certified mail that you have delivered the Security Deposit to me.

Please take note that upon your failure to timely comply with this demand, we will immediately apply to the Court for an Order of Contempt

Very truly yours,

Mark L. McKew

MLM/em
encl.
cc: Robert A. Smith, Esq. (by mail)

At an IAS Part 36 of the Supreme Court of the State of New York held in and for the County of Nassau at the Courthouse thereof, 100 Supreme Court Drive, Mineola, NY 11501 on the 19th day of October 2009

Present:
HONORABLE Thomas A. Adams
Justice

---X

JOHN RICHARD MACMURRAY and RITA MACMURRAY

Plaintiff(s)

-against-

MARVIN NEUMAN, 895 WEST BEECH REALTY LLC, REILLY & GOODMAN, INC., ROBERT AMINOV, MICHAEL MURATORE doing business as ROSE AND EYE, BELLITERI HOME INC., "JOHN" DOE and "JANE" DOE, said names being fictitious, parties intended being possible tenants and/or occupants of the premises.

Defendant(s).

---X

Motion Sequence No. 2

Index No. 07-019391

**ORDER APPOINTING A RECEIVER**

Upon the summons and duly verified complaint herein, filed in the office of the Clerk of Nassau County on the 30th day of October 2007, upon reading and filing the affirmation of Robert A. Smith dated May 15, 2009, and it appearing to the satisfaction of the Court that this action is brought to foreclose a mortgage on commercial property upon certain premises situate in Nassau County; that in and by that mortgage it was covenanted that if default should be made in the payment of the principal sum, real estate taxes and/or the interest which should accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the rents and profits of the mortgaged premises were thereby assigned to the mortgagee; and it was further covenanted that the mortgagee should be at liberty immediately after any such default, upon commencement of proceedings for the foreclosure of the mortgage, to apply for the appointment of a Receiver of the rents and profits of the mortgaged premises, and that the

mortgagee should be entitled to the appointment of such a Receiver; that the mortgage is in default and as per the Referee's report the sum of $ 684,630.99 is due plaintiffs; that the mortgaged premises are rented to certain of the defendants herein for rentals and that the rentals are not being applied to the reduction of the charges against the mortgaged premises; and that the appointment of a Receiver of the rents and profits of the premises is necessary for the protection of the plaintiffs;

NOW, on motion of Robert A. Smith, attorney for the plaintiffs, it is

ORDERED, that Mark McKew #211016 of 1725 York Ave. - Ste. 29A NY, NY 10128 (212) 876-6783, be appointed, with the usual powers and directions as, Temporary Receiver for the benefit of the plaintiffs of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged premises mentioned in the complaint and known as 891-893-895 West Beech Street, Long Beach, New York 11561 and which premises are known on the Land and Tax Map of Nassau County as Section 59, Block 236 and Lots 24, 25 and 26, and it is further

JSC

ORDERED, that before entering upon his or her duties the Temporary Receiver execute to the People of this State and file with the Clerk of this Court an undertaking with sufficient suretie, to be approved by a Judge of this Court, in the penal sum of $ 45,000 Dollars, conditioned for the faithful discharge of his or her duties as such Temporary Receiver, and it is further

JSC

JSC

ORDERED, that the Temporary Receiver be and hereby is directed to demand, collect, and receive from the tenant or tenants in possession of the premises, or other persons liable therefor, all the rents thereof now due and unpaid or hereafter to become due; and that the Temporary Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of the premises or to recover possession of the whole, or any part thereof, and to institute and prosecute suits for the collection of rents now due or hereafter to

become due, and summary proceedings for the removal of any tenant or other persons therefrom, and to employ counsel therefor; and it is further

ORDERED, that the Temporary Receiver forthwith deposit all moneys received by him or her at the time he or she receives them in his or her own name as Temporary Receiver in a checking account showing the name of the case in SIGNATURE BANK 1225 FRANKLIN AVENUE GARDEN CITY, NY 11530 (516) 408-5033 Bank, and that no funds be withdrawn from the account and no check thereon be honored unless directed by court order or the check is countersigned by the Temporary Receiver's surety on his undertaking, and it is further

JSC

ORDERED, that the Temporary Receiver be and hereby is authorized from time to time to rent or lease for terms not exceeding one year any part of the premises; to keep the premises insured against loss or damage by fire; and in repair; to pay the taxes, assessments, and water rates thereon, to comply with all requirements of any municipal department or other authority of The City of Long Beach and to employ an agent to rent and collect the rents of the premises and to pay the reasonable value of such agent's services out of the rents received; and to procure such plate glass and liability insurance a may be necessary; and it is further

ORDERED, that the tenants or other persons in possession of the premises attorn to the Temporary Receiver and pay over to the Temporary Receiver all rents of such premises now due and unpaid, or that may hereafter become due; and that the defendants be enjoined and restrained from collecting the rents of the premises and from interfering in any manner with the property or its possession; and that all tenants of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent for such premises to the defendants, their agents, servants or attorneys, and it is further

ORDERED, that all persons now or hereafter in possession of the premises or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Temporary Receiver; and it is further

ORDERED, that the Temporary Receiver after paying the expenses of the management and care of the premises as above provided retain the balance of the moneys which may come into his or her hands until the sale of the premises under the judgment to be entered in this action; and that he or she then, after deducting his or her proper fees and disbursements therefrom apply those moneys to the payment of any deficiency there may be in the amount directed to be paid to the plaintiffs by the judgment; and in case there is no such deficiency, that he or she retain the moneys in his or her hands until the further order of the Court; and it is further

ORDERED, that the Temporary Receiver, or an party hereto, may at any time, on proper notice to all parties, who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable the receiver properly to fulfill his or her duties.

Ordered that this Order Appointing A Receiver dated this day supercedes and replaces the Order Appointing A Receiver dated August 25, 2009, entered September 16, 2009.

JSC

Enter:

J.S.C.

ENTERED

OCT 21 2009

NASSAU COUNTY
COUNTY CLERK'S OFFICE